Per Curiam.

The learned Special Term in our opinion erred in interpreting the language of the agreement so as, in effect, to vest in the arbitration board a general power to vary the husband’s support payments; and also erred in submitting to the board “the cancellation of any and all arrearages that may be due ” under the agreement, and in failing to give effect to the agreement itself as to the method and time of choosing a third arbitrator.
The agreement in question does not contain any general or unlimited arbitration clause. On the contrary, as to reduction of payments for the children’s support, the agreement by its very terms expressly limits the scope of the arbitration clause to a state of facts not here presented; viz., extension of the period of time that the children remain with petitioner. This condition precedent to the arbitration board’s power to reduce payments has not been met.
The order appealed from should be reversed and the petition dismissed, with $20 costs and disbursements to respondent-appellant.
Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the respondent-appellant, and the petition dismissed. Settle order on notice.